BRYAN (McGAW v.). See Case No. 8,793.

---

# Case No. 2,066.

## BRYAN et al. v. McGEE.

[2 Wash. C. C. 337.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

EXECUTORS AND ADMINISTRATORS—ACCOUNTING.

Davis McGee was indebted to the complainant, and after his decease, administration was granted to his effects in New-Jersey, to James McGee, the defendant, who, in his answer, stated that he had administered all the effects of the deceased, except 760 dollars, which he was ready to distribute; but claimed that he could be called upon to settle his administration account, only in the state of New-Jersey. The court *held*, that the defendant, having stated that he had property in his hands, might be called upon, in equity, to account for that property, anywhere.

[Cited in Taylor v. Benham, 5 How. (46 U. S.) 262, 271.]

In equity. The bill charged, that Davis McGee, deceased, became indebted in his life to the plaintiffs [Bryan and others] for goods sold, and gave his promissory note therefor; that he died, and that James McGee, a citizen of New-Jersey, the defendant, took out letters of administration in New-Jersey, and became possessed of all his property; that he pretends he has fully administered, but that the goods purchased by Davis McGee from the complainants were sold by him to the defendant; but that such sale was merely colourable, and a fraud between the two McGees; that notwithstanding the pretended sale, they remained the property of Davis, and from them the defendant has funds enough of the intestate to pay the debt due to the complainants.

The defendant demurred, pleaded, and answered. The ground of demurrer was, that as the bill stated the defendant to have taken out letters of administration in New-Jersey, he could be called upon as administrator, and to settle his administration accounts, only in that state. The plea stated, that the complainants had cited the defendant before the orphans' court in New-Jersey, where the very point of fraud, now alleged, had been tried, and decided in his, the defendant's, favour. The answer denied all fraud; stated that the deceased was in his lifetime indebted to the defendant, and sold him the goods, bona fide, in discharge of the debt; that the question of fraud, now alleged, had been twice tried, and decided in favour of the defendant; that he had administered all the effects of the deceased, except 760 dollars, which he is ready to distribute according to the laws of New-Jersey. [Demurrer overruled, and decree for complainants.]

Mr. Dallas, for complainants.
Ingersoll & Reed, for defendant.

BY THE COURT. The demurrer must be overruled. The defendant, having property in his hands belonging to the estate of Davis McGee, may, in equity, be called upon for that property in any place. But upon the plea, (which already stands for an answer) and the answer, it is the opinion of the court, upon the merits, that the complainants are entitled to a decree for the amount of assets admitted by the defendant to be in his hands. As to the goods charged in the bill to have been unfairly obtained from the intestate, the whole weight of evidence is in

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

favour of the defendant. The answer is not only not contradicted by evidence, but is strongly supported.